STARN O'TOOLE MARCUS & FISHER
A Limited Liability Law Partnership

Sharon V. Lovejoy     (5083-0)
Pacific Guardian Ctr., Makai Twr.
733 Bishop Street, Suite 1900
Honolulu, HI 96813
Telephone: (808) 537-6100
Facsimile: (808) 537-5434
Email: slovejoy@starnlaw.com

Todd A. Hanchett, OSB No. 992787
*Pro Hac Vice* Forthcoming
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480
Email: todd.hanchett@stoel.com

Attorneys for Defendant
BIOTRONIK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN MORRIS III, | Case No.: 21-509 |
| Plaintiff, | **DEFENDANT BIOTRONIK, INC.'S NOTICE OF REMOVAL; EXHIBITS A – E; CERTIFICATE OF SERVICE** |
| v. | |
| BIOTRONIK, INC; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10, | |
| Defendants. | |

## DEFENDANT BIOTRONIK, INC.'S NOTICE OF REMOVAL

TO:    THE CLERK OF THE ABOVE-ENTITLED COURT

AND TO:    PLAINTIFF JOHN MORRIS III AND HIS ATTORNEYS OF RECORD

Defendant Biotronik, Inc. ("**Biotronik**") hereby gives notice of removal of this action, bearing case number 1CCV-21-0001485, from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii. Pursuant to 28 U.S.C. § 1446(a), Biotronik provides the following statement of grounds for removal.

### BACKGROUND

1.    Biotronik is a medical device company with U.S. operations based in Lake Oswego, Oregon. It offers products for diagnosis, treatment, and therapy in the areas of cardiac rhythm management, electrophysiology, and vascular intervention. Plaintiff began operating as an independent sales representative for Biotronik on November 1, 2015, selling cardiac medical devices to medical facilities and physicians in the State of Hawaii.

2.    This action involves Plaintiff's Authorized Independent Sales Representative Agreement with Biotronik (the "***Agreement***"), which took effect on August 1, 2020. Plaintiff alleges that Biotronik's termination of the Agreement on September 14, 2021, after Plaintiff physically assaulted a Biotronik customer, constitutes breach of contract. Biotronik denies Plaintiff's claims.

3.    On December 2, 2021, Plaintiff filed his Complaint and Demand for Jury Trial in the Circuit Court of the First Circuit of the State of Hawaii (the "***State Court Action***") against Biotronik and John/Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Roe Non-Profit Corporations 1-10, and Roe Governmental Entities 1-10 (together, "***Defendants***"). Service was effected on December 6, 2021. A copy of the Proof of Service is attached as **Exhibit A**.

Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and Demand for Jury Trial is attached hereto as **Exhibit B**. A true and correct copy of the Summons is attached as **Exhibit C**. A true and correct copy of the docket for the State Court Action is attached as **Exhibit D**. No other process, pleadings, or orders have been served on Biotronik in this case.

4. Plaintiff asserts three causes of action: Breach of Contract and/or Contractual Warranties, Breach of Covenant of Good Faith and Fair Dealing, and Termination of Contract in Violation of Public Policy. As relief, Plaintiff seeks (a) general damages; (b) special damages; (c) punitive damages; and (d) attorney's fees and costs.

## VENUE AND JURISDICTION

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1441(a) because the Circuit Court of the First Circuit of the State of Hawaii, where the Complaint was filed, is a court within the United States District Court for the District of Hawaii.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

I. **THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND DEFENDANTS.**

7. A district court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and there is diversity of citizenship. *See* 28 U.S.C. § 1332(a).

8. Plaintiff's Complaint alleges that he is a resident of the city and county of Honolulu, Hawaii. Compl. ¶ 1. Based on these allegations and upon information and belief, Plaintiff is a citizen of the State of Hawaii.

9. Biotronik is incorporated in Delaware and has its principal place of business in Oregon at 6024 Jean Rd., Lake Oswego, Oregon 97035. Accordingly, Biotronik is a citizen of the States of Oregon and Delaware. *See* 28 U.S.C. § 1332(c)(1).

10. All other Defendants are entities or individuals whose identities are unknown: JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, ROE "NON-PROFIT" CORPORATIONS 1-10, and ROE GOVERNMENTAL ENTITIES 1-10. Pursuant to 28 U.S.C. § 1441(b)(1), in determining whether a civil action is removable based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." *See also, e.g.*, *Carroll v. Hilton*, No. CIV. 14-00456 JMS, 2015 WL 1863054, at *1 (D. Haw. Apr. 22, 2015) (applying 28 U.S.C. § 1441(b)(1)).

11. There is complete diversity of citizenship because Plaintiff is a citizen of Hawaii, the named Defendant Biotronik is a citizen of Oregon and Delaware, and the Doe Defendants are disregarded for purpose of determining diversity jurisdiction.

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

12. Diversity jurisdiction under 28 U.S.C. § 1332 requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

13. The amount in controversy includes "the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Here, attorney's fees must be included in the amount in controversy because the Agreement provides for the recovery of reasonable attorney's fees by the prevailing party in any dispute arising out of or relating to the Agreement.

14. Where, as here, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in

controversy exceeds $75,000." *Assaye v. United Airlines, Inc.*, Civ. No. 17-00495 DKW-KSC, 2017 WL 5560422, at *3 (D. Haw. Oct. 30, 2017) (brackets omitted) (quoting *Kroske*, 432 F.3d at 980). This burden "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Id.* (citation and internal quotation marks omitted). "In considering whether a defendant has satisfied the preponderance of the evidence standard, courts consider 'facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fujii v. Llavina*, No. 10-00248 SOM-LEK, 2010 WL 3385195, at *3 (D. Haw. July 30, 2010) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) (citations and and quotation marks omitted))).

15. Under both Oregon[1] and Hawaii law, recoverable damages in an action alleging breach of an employment contract generally are measured by the accrued income at the time of trial plus the present value of any lost earnings for the remainder of the contract, less the amount that the plaintiff earned (or could have earned) during that same period. *See, e.g.*, *Bramhall v. ICN Med. Labs., Inc.*, 284 P.2d 1113, 1117 (Or. 1978) (en banc); *Vieira v. Robert's Haw. Tours, Inc.*, 630 P.2d 120, 122 (Haw. Ct. App. 1981); *cf. DeCosta v. Headway Workforce Sols.*, No. 20-00015 LEK-KJM, 2020 WL 1822473, at *3 (D. Haw. Apr. 10, 2020) (considering lost future earnings in employment case when calculating the amount in controversy).

16. Here, while Biotronik denies that Plaintiff is entitled to any damages, Plaintiff clearly puts at issue more than $75,000. Although Plaintiff does not plead a specific dollar amount in the complaint, the demand letter previously sent by Plaintiff in this matter indicates that Plaintiff

---

[1] Biotronik maintains that Oregon law governs the Agreement. However, even if the Court were to find that Hawaii law, rather than Oregon law, applies to Plaintiff's breach of contract claims, it would not affect the measure of damages and attorney fees for purposes of establishing the amount in controversy.

5

seeks to recover commissions on sales and other compensation under the Agreement, resulting from the alleged breach. Plaintiff's Agreement with Biotronik took effect on August 1, 2020, with a terminating date of December 31, 2025. Compl. ¶ 6. Between January 1, 2021, and September 30, 2021,[2] Plaintiff earned a total of $282,596.27 in commission payments. A declaration attesting to the amount Plaintiff earned under the Agreement for 2021 is attached hereto as **Exhibit E.**[3] Based on commissions paid to Plaintiff during 2021, Plaintiff would have been paid approximately $94,198 <u>for the remainder of 2021 alone</u>.[4] Although Biotronik does not know whether and to what extent Plaintiff has mitigated his damages under the Agreement, given that three and a half years remain under the contract term, the amount in controversy far exceeds $75,000 at the time of removal. Thus, Plaintiff's general damages alone confirm that the amount in controversy requirement is satisfied.

17. Further, while Biotronik does not have an estimation of Plaintiff's fees incurred at the time of removal, even a nominal amount of attorney's fees and costs would bolster the already-satisfied amount in controversy, in addition to any other special and punitive damages award that Plaintiff seeks.

18. For these reasons, Biotronik has shown by a preponderance of evidence that the amount in controversy exceeds $75,000.

---

[2] Although Biotronik terminated the Agreement on September 14, 2021, Plaintiff was paid commissions on sales through the end of the month.

[3] Biotronik will provide the Court with a copy of Plaintiff's 2021 Earnings Statement filed under seal if the Court would find it useful in establishing that the amount-in-controversy requirement is met here.

[4] Plaintiff's estimated lost commissions for the remainder of 2021 are calculated by adding the commission payments he received for the first three quarters of 2021 ($282,506.27) and dividing the total by three ($94,198.75).

19. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy is more than $75,000.

### III. THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE SATISFIED.

20. Pursuant to 28 U.S.C. § 1446(a), copies of the state court docket and all process, pleadings, orders, and other papers filed in the State Court Action are attached hereto as **Exhibits A-D**.

21. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

22. Pursuant to 28 U.S.C. § 1446(d), Biotronik is providing Plaintiff with written notice of the filing of this Notice of Removal.

23. Also pursuant to 28 U.S.C. § 1446(d), Biotronik is contemporaneously filing a copy of this Notice of Removal and a Notice to State Court of Notice of Removal with the Clerk of the Circuit Court of the First Circuit of the State of Hawaii.

24. Biotronik reserves the right to amend or supplement this Notice of Removal.

25. By filing this Notice of Removal, Biotronik does not waive any defense that may be available to it and reserves all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction. If any question arises regarding the propriety of the removal to this Court, Biotronik requests the opportunity to present a brief oral argument in support of its position that this case has been properly removed.

26. By removing this action, Biotronik does not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, Biotronik hereby respectfully gives notice that the matter bearing the case number pending in the Circuit Court of the First Circuit of the State of Hawaii is removed to the

United States District Court for the District of Hawaii pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, where it shall proceed as an action originally in this Court.

DATED: Honolulu, Hawaii, December 27, 2021.

**STARN O'TOOLE MARCUS & FISHER**

*/s/ Sharon V. Lovejoy*
Sharon V. Lovejoy

**STOEL RIVES LLP**
Todd A. Hanchett, OSB No. 992787
*Pro Hac Vice* Forthcoming

Attorneys for Defendant
BIOTRONIK, INC.