# EXHIBIT B

REMILLARD & HUYNH
LAURENT J. REMILLARD, JR.   4592-0
lremillard@rh-lawyers.com
DON V. HUYNH   7967-0
dhuynh@rh-lawyers.com
RECHELLE A.M. BARBOUR   9953-0
rbarbour@rh-lawyers.com
Davies Pacific Center, Suite 2302
841 Bishop Street
Honolulu, HI 96813
Telephone No.: (808) 536-5737

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-21-0001485**
**02-DEC-2021**
**01:27 PM**
**Dkt. 1 CMPS**

Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| JOHN MORRIS III,<br><br>    Plaintiff,<br><br>    vs.<br><br>BIOTRONIK, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>    Defendants. | ) Civil No. _____<br>) (Contract)<br>)<br>) COMPLAINT; DEMAND FOR JURY<br>) TRIAL; SUMMONS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW, Plaintiff JOHN MORRIS III by and through his attorneys,

Remillard & Huynh, for his claims against Defendant above-named, and alleges and avers as

follows:

1.    At all times pertinent herein, Plaintiff JOHN MORRIS III ("Plaintiff"), is

and was a resident of the City and County of Honolulu, State of Hawaii.

2.    At all times pertinent herein Defendant BIOTRONIK, INC.

("Defendant") is and was a foreign profit corporation incorporated in Delaware and licensed

and/or registered to conduct business in the State of Hawaii.

3.    Defendants JOHN DOES 1-10; JANE DOES 1-10; DOE

PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT"

CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10, are various

individuals, corporations, associations, partnerships, governmental agencies, and other entities

and are connected in some manner with the named Defendant; and/or were the agents, servants,

employees, employers, representatives, co-venturers, partners, associates, consultants, or alter-

egos of the named Defendant; and/or were in some manner presently unknown to Plaintiff

engaged in the activities alleged in this Complaint or were in some manner responsible (whether

by contract, tort, breach of fiduciary duty or otherwise) for the injuries and damages to Plaintiff

as alleged in this Complaint. Plaintiff has made a good faith effort to determine the true names

and identities of these parties. Plaintiff reserves the right to amend this Complaint to identify

such parties as defendants when their true identities and capacities are ascertained through

discovery or otherwise.

4.    Plaintiff began operating as an independent sales representative for

Defendant on November 1, 2015, selling cardiac medical devices to medical facilities and

physicians within the territory of the State of Hawaii.

5.    On August 1, 2020, Plaintiff executed an Authorized Independent Sales

Representative Agreement ("the Agreement") with Defendant to engage as an authorized

independent sales representative of Defendant, continuing to sell cardiac medical devices to

2

medical facilities and physicians within the territory of the State of Hawaii.

6.    The Agreement set for the contractual duties and responsibilities of Plaintiff and Defendant.

7.    Essentially, in exchange for the compensation set forth in the Agreement, Plaintiff was to take all commercially reasonable actions that may be necessary or appropriate to sell products to customers in the territory and devote sufficient time and effort to providing services such that Plaintiff's aggregate unit sales of all existing and future products increase each calendar year over the prior calendar year.

8.    The Agreement took effect on August 1, 2020 and would terminate on December 31, 2025.

9.    At all times pertinent herein, Plaintiff satisfactorily carried out his duties and responsibilities under the Agreement.

10.    From the time Plaintiff started operating as an independent sales representative for Defendant, he cultivated relationships with physicians within the territory by attending social gatherings with physicians.

11.    Plaintiff developed a close relationship with one such physician in order to maintain and increase sales of Defendant's products within the territory.

12.    Plaintiff would often attend events with this physician, invited him over to his home, and visited the physician's home on numerous occasions.

13.    This physician would often times consume excessive amounts of alcohol and behave in an offensive, abusive, and disrespectful manner towards those around him.

14.    This physician's behavior was witnessed by Defendant's employees and

3

independent sales representatives, and other professionals within the medical industry.

15.     Despite the fact that Plaintiff had been the target of this physician's offensive, abusive and violent intoxicated behavior on several occasions, Plaintiff maintained a positive social relationship with this physician to facilitate sales of Defendant's products.

16.     On the evening of September 3, 2021, Plaintiff and his wife were invited to the home of this physician for dinner. The purpose of this dinner was not related to Plaintiff's sales of Defendant's products, but was a personal, social gathering.

17.     During the dinner, the physician consumed alcohol and started a verbal argument with Plaintiff.

18.     The physician then stood up, and while berating Plaintiff, saliva from the physician's mouth was sprayed upon Plaintiff.

19.     Plaintiff, fearful of being exposed to COVID-19 from the physician's saliva, struck the physician with a closed fist on his chest.

20.     The physician did not sustain any injuries as a result of Plaintiff striking him.

21.     The police were called to the physician's home and the physician elected not to pursue charges against Plaintiff.

22.     On September 14, 2021, Defendant prematurely terminated Plaintiff's Authorized Independent Representative Agreement.

23.     Defendant alleged that Plaintiff violated the terms of the Agreement during the September 3, 2021 incident with the physician.

24.     Plaintiff did not violate the terms of the Agreement, as the gathering on

4

September 3, 2021 was not related to selling Defendant's products and Plaintiff acted in self-defense.

25.    No criminal charges were brought against Plaintiff as a result of the incident on September 3, 2021.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT AND/OR CONTRACTUAL WARRANTIES

26.    Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

27.    Plaintiff fully complied with all enforceable terms, covenants and/or conditions under the Agreement.

28.    In spite of Plaintiff's compliance with all enforceable terms of the Agreement, Defendant prematurely terminated Plaintiff's Authorized Independent Representative Agreement on September 14, 2021.

29.    Defendant's termination of Plaintiff's Authorized Independent Representative Agreement on September 14, 2021 constitutes breach of contract and/or breach of contractual warranties.

30.    As a result of Defendant's conduct, Plaintiff has suffered general and special damages in amounts to be shown at trial, and is entitled to all equitable and legal remedies and damages, and Plaintiff's costs and reasonable attorneys' fees

## SECOND CLAIM FOR RELIEF
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

31.    Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

5

32.     From the effective date of the Agreement, Defendant owed Plaintiff a duty of good faith and fair dealing in performing its contractual obligations.

33.     The acts and/or omissions of Defendant amount to breach of the covenant of good faith and fair dealing owed to Plaintiff under the Agreement.

34.     As a result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiff has suffered general and special damages in amounts to be shown at trial, and is entitled to all equitable and legal remedies and damages, and Plaintiff's costs and reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF
## TERMINATION OF CONTRACT IN VIOLATION OF PUBLIC POLICY

35.     Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

36.     The above described termination of Plaintiff's Authorized Independent Representative Agreement on September 14, 2021 by Defendant constitutes a wrongful termination of contract in violation of a clear mandate of Hawai`i public policy.

37.     Plaintiff engaged in the following protected activity: he was the victim of an abusive tirade by a physician, in which saliva was spewed upon him, and he engaged in his lawful right of self-defense.

38.     Defendant terminated Plaintiff's Authorized Independent Representative Agreement because of his protected activity.

39.     As a result of the foregoing acts, omissions, and conduct, Plaintiff has suffered general and special damages in amounts to be shown at trial, and is entitled to all equitable and legal remedies and damages, and Plaintiff's costs and reasonable attorneys' fees.

6

WHEREFORE, Plaintiff prays for relief against the above-named Defendant as follows:

1.    General damages in an amount to be proven at trial;

2.    Special damages in an amount to be proven at trial;

3.    Punitive damages in an amount to be proven at trial; and

4.    Litigation costs, attorneys' fees and for such other relief as deemed appropriate and equitable by the Court.

DATED: Honolulu, Hawaii,  December 2, 2021

REMILLARD & HUYNH
Attorneys for Plaintiff

By  /s/ Laurent J. Remillard
    LAURENT J. REMILLARD
    DON V. HUYNH
    RECHELLE A.M. BARBOUR

7

# IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| JOHN MORRIS III,<br><br>                Plaintiff,<br><br>     vs.<br><br>BIOTRONIK, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>                Defendants. | Civil No. _____<br>(Contract)<br><br>DEMAND FOR JURY TRIAL |

## DEMAND FOR JURY TRIAL

Plaintiff, JOHN MORRIS III, by and through his attorneys undersigned, hereby demand trial by jury in the case above-noted.

DATED: Honolulu, Hawaii, __December 2, 2021__ .

REMILLARD & HUYNH
Attorneys for Plaintiff

By __/s/ Laurent J. Remillard__
LAURENT J. REMILLARD
DON V. HUYNH
RECHELLE A.M. BARBOUR